UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| SHALON WORDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO:  2:21-cv-00310 |
| | ) | |
| INDIANA MINORITY HEALTH, | ) | |
| COALITION, INCORPORATED. | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Ms. Shalon Worden, hereinafter Ms. Shalon Worden, by counsel, pursuant to Rule 3, Fed. R. Civ. P., and files her Complaint against the Defendant, Indiana Minority Health Coalition, Incorporated, hereinafter Defendant, and shows the Court the following:

**JURISDICTION AND VENUE**

1. This suit is brought and jurisdiction lies pursuant to §28 U.S.C. § 1331, 1332, 1337, 1343 and 1345. This is an action authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981 race discrimination and retaliation under Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) and I.C. § 22-9-1-3.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Indiana, Hammond Division. Therefore, venue is proper within this District and Division pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391(b)(2).

1

3. This Court has Supplemental jurisdiction over any state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is proper as the state law claims for negligence arise out of the same transaction or occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over any state law matters alleged in this Complaint.

## **PARTIES**

4. The Plaintiff, Ms. Shalon Worden, is a White American, female citizen of the United States, and is a qualified employee as defined in Section 701(f) of Title.

5. At all time relevant hereto, Ms. Shalon Worden was an "employee" of the Defendant, as that term is defined in Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e(f), and/or the Indiana Civil Rights Law, Ind. Code § 22-9-1-3(i).

6. The Defendant is a qualified employer as the term is defined in Section 701(f) of Title VII.

7. At all times relevant hereto, the Defendant was an "employer" as that term is defined in Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e(b), and/or the Indiana Civil Rights Law, Ind. Code § 22-9-1-3(h).

8. The Defendant is a **domestic for-profit corporation** doing business in the state of Indiana and registered with the Indiana Secretary of State.

**ADMINISTRATIVE PROCEDURES**

9. On or about June 24, 2021, Ms. Shalon Worden filed charges of Race Violation of Title VII of the Civil Rights Act of 1964, The Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act Discrimination and retaliation for reporting discrimination; with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 24E-2021-00035.

10. On or about July 26, 2021, Ms. Shalon Worden received a Notice of Right to Sue from the EEOC for Charge Number 24E-2021-00035, entitling her to commence action within ninety (90) days of her receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as Exhibit "A".

11. The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

**FACTS**

12. The Defendant hired Ms. Shalon Worden on or about September 9, 2019.

13. Throughout her employment with Defendant, Ms. Shalon Worden met or exceeded Defendant's legitimate expectations of performance.

14. Ms. Shalon Worden's position title was Transitional Healthcare Liaison.

15. Ms. Shalon Worden received a call on May 27, 2021, from Westerville Correctional facility informing that an offender put her on his phone list as a cousin.

16. Ms. Worden requested that she be taken off immediately and reported the activity to the District Supervisor Eric Kruper.

17. June 1, 2021 an internal investigator interviewed Ms. Worden and Ms. Worden was suspended June 1, 2021 through June 24, 2021.

18. Ms. Worden called asking for a specific policy that she was in violation of, and she did not hear anything from them.

19. Male employees are not treated in the same manner if they are discharged or disciplined it is according to policy.

20. On June 24, 2021 Ms. Worden was terminated for a policy not in existence and Ms. Worden feels like they were looking for any reason to terminate her.

## COUNT I

## DISCRIMINATION ON THE BASIS OF RACE

21. Ms. Shalon Worden hereby incorporates by reference paragraphs 1 through 20 as though previously set out herein.

22. The Defendant discriminated and retaliated against Ms. Shalon Worden in violation of Title VII of the Civil Rights Act of 1964 as amended.

23. By the conduct described hereinabove, the Defendant has willfully and intentionally, with malice or reckless disregard of Ms. Shalon Worden rights as a White American employee, engaged in unlawful and discriminatory employment practices including retaliation for reporting race and age discrimination, materially affecting, and altering the terms and conditions of her employment, in violation of Title VII.

24. Ms. Shalon Worden has suffered emotional and economic damages because of Defendant's unlawful actions.

## COUNT II

## UNLAWFUL RETALIATION

25. Ms. Shalon Worden hereby incorporates by reference paragraphs 1 through 24 as though previously set out herein.

26. Ms. Shalon Worden reported her concerns to the Defendant's District Supervisor Eric Kuper.

27. Ms. Shalon Worden has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Ms. Shalon Worden, respectfully requests that this Court enter judgment in her favor and:

a. Order Defendant to pay Ms. Shalon Worden her lost wages, unpaid bonuses and other economic benefits lost as a result of Defendant's unlawful acts;

b. Reinstatement to the position, salary and seniority level to which she would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

c. compensatory damages;

d. punitive damages;

e. liquidated damages

f. lost future wages

g. All costs and attorney's fees incurred as a result of bringing this action;

h. Payment of all pre- and post-judgment interest;

i.  Provide to Ms. Shalon Worden all other legal and/or equitable relief this Court sees fit to grant.

## DEMAND FOR JURY TRIAL

The Plaintiff, Ms. Shalon Worden, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted:

/s/ *Leah N. Miller*
Leah N. Miller #36903-29
Darron S. Stewart #21114-29
STEWART & STEWART ATTORNEYS
931 S. Rangeline Rd.
Carmel IN 46032
Phone:(317) 846-8999
Fax: (317) 843-1991
LeahM@getstewart.com
Attorneys for Plaintiff,
Shalon Worden