UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SHALON WORDEN, | ) |
|     Plaintiff, | ) ) ) |
|         v. | )   CAUSE NO: 1:21-cv-00310-JTM-JEM ) |
| INDIANA MINORITY HEALTH, COALITION, | ) ) ) |
|     Defendant. | ) ) |

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, SHALON WORDEN, hereinafter plaintiff, by counsel, pursuant to Rule 3 of the Federal Rules of Civil Procedure, and files hereafter her Complaint against the Defendant, INDIANA MINORITY HEALTH COALITION, INCORPORATED, hereinafter Defendant, and shows the Court as follows:

**JURISDICTION AND VENUE**

1. This suit is brought and jurisdiction lies pursuant to §28 U.S.C. § 451, 1331, 1337, 1343 and 1345. This is an action authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981, and sex discrimination under Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), as amended by U.S.C.A. § 200e(k).

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Indiana, Hammond Division. Therefore, venue is proper within this District and Division pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391(b)(2).

1

3. This Court has Supplemental jurisdiction over any state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is proper as the state law claims for negligence arise out of the same transaction or occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over any state law matters alleged in this Complaint.

## PARTIES

4. The Plaintiff is a female citizen of the United States, and is a qualified employee as defined in Section 701(f) of Title.

5. At all time relevant hereto, Plaintiff was an "employee" of the Defendant, as that term is defined in Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e(f), and/or the Indiana Civil Rights Law, Ind. Code § 22-9-1-3(i).

6. The Defendant is a qualified employer as the term is defined in Section 701(f) of Title VII.

7. At all times relevant hereto, the Defendant was an "employer" as that term is defined in Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e(b), and/or the Indiana Civil Rights Law, Ind. Code § 22-9-1-3(h).

8. The Defendant is a **domestic for-profit corporation** doing business in the state of Indiana and registered with the Indiana Secretary of State.

## ADMINISTRATIVE PROCEDURES

9. On or about June 24, 2021, Plaintiff filed charges of Sex Discrimination in violation of Title VII of the Civil Rights Act of 1964 and retaliation for reporting discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 24E-2021-00035.

10. On or about July 26, 2021, Plaintiff received a Notice of Right to Sue from the EEOC for Charge Number 24E-2021-00035, entitling her to commence action within ninety (90) days of her receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as Exhibit "A".

11. The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

## FACTS

12. The Defendant hired Plaintiff on or about September 9, 2019.

13. Throughout her employment with Defendant, Plaintiff met or exceeded Defendant's legitimate expectations of performance.

14. Plaintiff's position title was Transitional Healthcare Liaison.

15. Plaintiff received a call on May 27, 2021, from Westerville Correctional facility informing that an offender put her on his phone list as a cousin.

16. Plaintiff requested that she be taken off immediately and reported the activity to the District Supervisor Eric Kruper.

17. Plaintiff was reprimanded for speaking with the offender regarding aid in finding housing, a task within the scope of her employment.

18. On or about June 1, 2021 an internal investigator interviewed Ms. Worden and Ms. Worden was suspended June 1, 2021 through June 24, 2021.

19. Plaintiff was informed she violated the policy for correctional officers prohibiting communication between staff and offenders outside of work business.

20. Plaintiff's only communication with the offender had been related to work business and at no time was Plaintiff bound by the correctional officer's policies as her title was Transitional Health Care Liaison.

21. On June 24, 2021, Plaintiff was terminated.

## COUNT I

## DISCRIMINATION ON THE BASIS OF RACE

Plaintiff, for her first claim for relief against Defendant, states as follows:

22. Plaintiff hereby incorporates by reference paragraphs one (1) through twenty-one (21) as though previously set out herein.

23. The Defendant discriminated and retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964 as amended.

24. By the conduct described hereinabove, the Defendant has willfully and intentionally, with malice or reckless disregard of Plaintiff's rights as a female employee, engaged in unlawful discriminatory employment practices, materially affecting and altering the terms and conditions of her employment, in violation of Title VII.

25. Male employees are not treated in the same manner if they are discharged or disciplined it is according to policy.

26. Plaintiff has suffered emotional and economic damages because of Defendant's unlawful actions.

## COUNT II

## UNLAWFUL RETALIATION

Plaintiff, for her second claim for relief against Defendant, states as follows:

27. Plaintiff hereby incorporates by reference paragraphs one (1) through twenty-six (26) as though previously set out herein.

28. Plaintiff reported her concerns to the Defendant's District Supervisor Eric Kuper.

29. The Defendant terminated Plaintiff only two months after she made a complaint to her supervisor.

30. The Defendant retaliated against Plaintiff for reporting discrimination by changing the conditions of her employment and removing her from her employment in violation of Title VII.

31. Plaintiff has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Ms. Shalon Worden, respectfully requests that this Court enter judgment in her favor and:

a. Order Defendant to pay Plaintiff her lost wages, unpaid bonuses and other economic benefits lost as a result of Defendant's unlawful acts;

b. Reinstatement to the position, salary and seniority level to which she would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

c. Pay compensatory damages;

d. Pay punitive damages;

e. Pay liquidated damages

f. Pay lost future wages

g. Pay All costs and attorney's fees incurred as a result of bringing this action;

h. Payment of all pre- and post-judgment interest;

i. Provide to Plaintiff all other legal and/or equitable relief this Court sees fit to grant.

## DEMAND FOR JURY TRIAL

The Plaintiff, Ms. Shalon Worden, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted:

/s/ *Leah N. Miller*
Leah Miller #36903-29
Darron S. Stewart #21114-29
STEWART & STEWART ATTORNEYS
931 S. Rangeline Rd.
Carmel IN 46032
Phone:(317) 846-8999
Fax: (317) 843-1991
LeahM@getstewart.com
Attorneys for Plaintiff,
Shalon Worden